UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **FELICIA BYNUM,**<br><br>    Plaintiff,<br><br>V.<br><br>**BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC. and ALSTOM TRANSPORTATION, INC.,**<br><br>    Defendants. | **CIVIL ACTION FILE NO.**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff, Felicia Bynum, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint, and states as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

2. This Court has personal jurisdiction over the parties because a substantial

portion of the employment practices described herein took place based in Clayton County, Georgia.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

4. Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights*, Ex. 1.

## PARTIES

5. Plaintiff is a citizen of the United States and a resident of Clayton County, Georgia.

6. Defendant Bombardier Transportation (Holdings) USA Inc., hereinafter referred to as "Defendant Bombardier," is a Foreign Profit Corporation based in Delaware and operating in Clayton County, Georgia.

7. Defendant Alstom Transportation Inc., hereinafter referred to as "Defendant Alstom," is a Foreign Profit Corporation based in New York.

8. Defendant Bombardier may be served by delivering a copy of the Complaint and Summons to their registered agent: CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046-4805.

9. Defendant Alstom may be served by delivering a copy of the Complaint and Summons to their registered agent: CT Corporation System, 289 S. Culver

Street, Lawrenceville, GA 30046-4805.

10. This Court has jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

11. Defendants are subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

### III. FACTUAL ALLEGATIONS

10. Plaintiff is female.

11. During all relevant periods, Defendant Bombardier operated as a transportation company that provides rail equipment, systems, and aftermarket services to transit and airport authorities across the United States.

12. Plaintiff was employed by Defendant Bombardier as a Transit Technician beginning in 2014.

13. Plaintiff was classified as a 'Level 2' Transit Technician.

14. The job role 'Transit Technician' encompassed two former roles with the company: Operations Technicians and Maintenance Technicians.

15. Plaintiff reported to Mr. Ronald Turman, Third Shift Supervisor.

16. Plaintiff held Central Control Operations Certification ("CCO Certification") as

of February 2019.

17. CCO Certification was not a requirement of Plaintiff's position.

18. In March 2019, Plaintiff was informed by Mr. Turman that only Level 3 Technicians and higher would have to take a CCO Certification (or Recertification) Test.

19. Despite this distinction, Plaintiff was nonetheless informed by Mr. Curman that Plaintiff would be required to take and pass the CCO Recertification Test to keep her position.

20. The CCO Certification Test allows two attempts per examination.

21. On her first attempt, Plaintiff did not achieve the passing score of 95%.

22. Between attempts, Defendant Bombardier is to provide OJT ("On the Job Training") by a supervisor to employees for sixteen (16) hours.

23. Plaintiff was provided with OJT by an uncertified employee rather than a supervisor.

24. Plaintiff subsequently failed her second attempt.

25. In April 2019, Plaintiff was provided with another examination, comprised of third and fourth attempts.

26. Plaintiff successfully achieved a score of 96%, but was informed that the test

administrator unilaterally changed her passing threshold to 100%.

27. Upon information and belief, all female Transit Technicians were informed that CCO Certification was a requirement of the position.

28. Upon information and belief, all female Transit Technicians were held to that standard while the same standard was not applied to male Transit Technicians.

29. Plaintiff is aware of several male employees who were either not required to take the full CCO Certification Test or who were not required to take the test at all, despite their positions as Transit Technicians: Mr. Randy Jones (Level 4 Lead Technician), Mr. Chris Mitchell (Level 4 Transit Technician), Mr. Glen McKinney (Level 3 Transit Technician), and Mr. John Arnold (Level 3 Transit Technician).

30. After failing her CCO Certification Test, Plaintiff was informed that she must apply for a new job, as she allegedly did not meet the requirements of her Transit Technician position.

31. Plaintiff applied for another position with the company despite the foregoing to mitigate her damages, but was not selected for that position.

32. On April 25, 2019, Plaintiff was terminated by phone by Human Resources.

33. Plaintiff was not provided with a reason for separation or a copy of her

separation notice.

34. Plaintiff filed a claim with the EEOC in or around October 2019.

35. During the EEOC Investigation, when Plaintiff inquired as to why male employees were not similarly required to take the CCO Certification test, Defendant Bombardier clarified that the male Transit Technicians were not previously certified and therefore did not need to re-certify.

36. Upon information and belief, all female Transit Technicians, whether previously certified or not, were subjected to the testing requirement.

37. Upon information and belief, no male Transit Technicians were separated for failure to obtain CCO Certification.

38. As on January 29, 2021, Defendant Bombardier was fully acquired by Defendant Alstom.

39. Plaintiff received her Notice of Right to Sue, dated June 2, 2021. *Dismissal and Notice of Rights*, Ex. 1.

## IV.  CLAIMS FOR RELIEF

### COUNT I: TITLE VII DISCRIMINATION (GENDER)

40. Plaintiff incorporates by reference paragraphs 1-39 of her Complaint as if fully set forth herein.

41. Plaintiff is a member of a protected class by virtue of gender. *Para. 10.*

42. Plaintiff was qualified for the position at issue. *Paras. 12-15.*

43. The application of CCO Certification requirements to only female Transit Technicians demonstrates discriminatory animus. *Paras. 17-19, 27-29.*

44. Plaintiff suffered the adverse action of termination. *Paras. 30-33.*

45. Plaintiff is aware of similarly-situated employees outside Plaintiff's protected class who were treated differently than Plaintiff. *Paras. 17-19, 27-29, 35-37.*

46. Defendant's termination of Plaintiff is pretextual. *Paras. 17-19, 27-29, 30-37.*

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. Declaratory relief;

c. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

d. Punitive damages; and

e. Attorney's fees, costs of litigation and any other relief the Court deems just and proper.

Respectfully submitted this 31st day of August, 2021.

                                        THE KIRBY G. SMITH LAW FIRM, LLC

                                        s/Rachel B. Canfield
                                        Rachel B. Canfield
                                        Georgia Bar No. 488716
                                        Kirby G. Smith
                                        Georgia Bar No. 250119
                                        *Attorneys for Plaintiff*

4488 North Shallowford Road, Suite 105
Atlanta, GA 30338
T: (470) 387-9292
F: (877) 352-6253
rbc@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 31st day of August, 2021.

                                        THE KIRBY G. SMITH LAW FIRM, LLC

                                        s/Rachel B. Canfield
                                        Rachel B. Canfield
                                        Georgia Bar No. 488716
                                        Kirby G. Smith
                                        Georgia Bar No. 250119
                                        *Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (470) 387-9292
F: (877) 352-6253
rbc@kirbygsmith.com

## **FONT AND POINT CERTIFICATION**

The Undersigned counsel for Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 31st day of August, 2021.

                                                  THE KIRBY G. SMITH LAW FIRM, LLC

                                                  s/Rachel B. Canfield
                                                  Rachel B. Canfield
                                                  Georgia Bar No. 488716
                                                  Kirby G. Smith
                                                  Georgia Bar No. 250119
                                                  *Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (470) 387-9292
F: (877) 352-6253
rbc@kirbygsmith.com